**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| L.T., *individually and on behalf of all others similarly situated*, | ) | |
| Plaintiff, | ) | Case No.: 5:25-cv-2223-JRA |
| v. | ) | JUDGE JOHN R. ADAMS |
| SONDERMIND INC., | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO SCHEDULE MOTIONS**

Defendant SonderMind Inc. ("SonderMind"), by and through its undersigned counsel, respectfully moves this Court for an order on scheduling the filing of motions in this action. Specifically, SonderMind seeks to file a motion to compel arbitration as its initial response to the Complaint; and, if that motion is denied, to thereafter move to dismiss under Federal Rule of Civil Procedure 12. Plaintiff's counsel has informed us that they do not oppose this motion.

In support of this request, SonderMind states as follows:

**Procedural Background**

Plaintiff filed the Complaint on October 17, 2025. ECF No. 1. The Parties jointly moved to extend SonderMind's response deadline to January 16, 2026, which this Court granted. ECF Nos. 7, 8. The Parties subsequently agreed to participate in private mediation, and jointly moved to extend SonderMind's response deadline to March 13, 2026. ECF No. 11. The Court granted that motion. ECF No. 12. Mediation took place on February 12, 2026, but did not resolve this matter.

## Basis for Request

SonderMind intends to move to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3–4, on the ground that Plaintiff's claims are subject to a mandatory arbitration provision contained in the Terms of Service in effect during the period in which Plaintiff alleges she began using SonderMind's services in September 2021. *See* Compl. ¶ 98. ECF No. 1. Because arbitrability presents a threshold forum question—namely, whether this dispute should proceed in this Court at all—SonderMind respectfully submits that the arbitration issue should be resolved before any motions based on any other grounds under Rule 12 are addressed. *See, e.g., Byars v. Dart Transit Co.,* 414 F. Supp. 3d 1082, 1087 (M.D. Tenn. 2019) (observing that "[w]hen a trial court is presented concurrently with a motion to transfer venue and a motion to compel arbitration, it is more efficient to consider the motion to compel arbitration first") (internal citation omitted).

If the Court denies the motion to compel arbitration, SonderMind intends to file a motion to dismiss pursuant to Rule 12, raising arguments including lack of Article III standing and failure to state a claim. Proceeding in this manner promotes judicial economy by allowing the Court to address the threshold issue of arbitrability before addressing arguments that may ultimately prove unnecessary.

SonderMind respectfully requests the Court's permission to proceed in this fashion in the interest of orderly resolution of threshold issues.

## Proposed Schedule

If permitted, SonderMind will file its motion to compel arbitration on or before March 13, 2026, with the opposition and reply following the normal schedule. If arbitration is not compelled, SonderMind will file its Rule 12 motion within 30 days after the Court's resolution of the motion to compel arbitration.

**Conclusion**

For the foregoing reasons, SonderMind respectfully requests that the Court grant leave to proceed on the schedule articulated herein. A proposed order is filed herewith.

Dated: February 27, 2026

Respectfully submitted,

*/s/ Samer M. Musallam*
Samer M. Musallam
Edward McNicholas (*pro hac vice*)
Fran Faircloth (*pro hac vice*)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006-6807
Tel: (202) 508-4600
Fax: (202) 508-4650
samer.musallam@ropesgray.com
edward.mcnicholas@ropesgray.com
fran.faircloth@ropesgray.com

*/s/ Michael N. Ungar*

Michael N. Ungar (0016989)
Katherine M. Poldneff (0088529)
**UB GREENSFELDER LLP**
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1406
Tel: (216) 583-7000
Fax: (216) 583-7001
mungar@ubglaw.com
kpoldneff@ubglaw.com

*Attorneys for Defendant SonderMind Inc.*